IN RE: WHOLE FOODS MARKET, INC., GREEK YOGURT MARKET-ING AND SALES PRACTICES LITI-GATION.

MDL No. 2588.

United States Judicial Panel on Multidistrict Litigation.

Dec. 10, 2014.

Before SARAH S. VANCE, Chair, MARJORIE O. RENDELL, LEWIS A. KAPLAN, ELLEN SEGAL HUVELLE, R. DAVID PROCTOR, and CATHERINE D. PERRY, Judges of the Panel.

**TRANSFER ORDER**

SARAH S. VANCE, Chair.

**Before the Panel:*** Plaintiffs in an ac-tion (*Knox*) pending in the District of

---

* Judge Charles R. Breyer took no part in the decision of this matter.

Massachusetts move under 28 U.S.C. § 1407 to centralize this litigation in that district. The litigation consists of the four actions listed on Schedule A: the *Knox* action and actions pending in the Central District of California, the Middle District of Florida, and the Southern District of New York, respectively.[1]

All parties support centralization, but there is disagreement regarding the choice of an appropriate transferee district. The Whole Foods defendants[2] support selection of the Western District of Texas, or, in the alternative, the Southern District of Texas. Plaintiffs in the three other constituent actions and four potential tag-along actions support centralization in the Western District of Texas, or, in the alternative, the Southern District of New York.[3]

On the basis of the papers filed and the hearing session held, we are persuaded that centralization under Section 1407 in the Western District of Texas will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions, all of which are putative class actions, share factual issues arising from highly similar allegations that Whole Foods 365 Greek Yogurt contains much more sugar than stated on its label, that defendants' marketing of the Yogurt was false and deceptive, and that defendants were negligent in testing the Yogurt, and in ensuring that the label was accurate. Centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings on class certification and other issues, and conserve the resources of the parties, their counsel, and the judiciary.

After weighing the relevant factors, we select the Western District of Texas as transferee district for this litigation. The record shows that all defendants are headquartered in this district, and thus many witnesses and relevant documents are likely to be found there. Further, the Honorable Sam Sparks, to whom we assign the litigation, is an experienced jurist, and we have no doubt that he will steer this MDL on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Western District of Texas are transferred to the Western District of Texas, and, with the consent of that court, assigned to the Honorable Sam Sparks for coordinated or consolidated pretrial proceedings.

### SCHEDULE A

MDL No. 2588 — IN RE: WHOLE FOODS MARKET, INC., GREEK YOGURT MARKETING AND SALES PRACTICES LITIGATION

*Central District of California*
JACKSON, ET AL. v. WHOLE FOODS MARKET, INC., C.A. No. 2:14–06705

*Middle District of Florida*
MARKLEY v. WHOLE FOODS MARKET, INC., C.A. No. 8:14–01892

1. The Panel has been informed of six additional related federal actions. These actions and any other related federal actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

2. Whole Foods Market Group, Inc., Whole Foods Market Private Label, L.P., Whole Foods Market California, Inc., WFM–WO, Inc., and Mrs. Gooch's Natural Food Markets, Inc.

3. The actions of these tag-along plaintiffs are pending in the District of Arizona, the District of New Jersey, the Eastern District of Pennsylvania and the Western District of Texas. The brief of the Arizona plaintiff does not propose an alternative to the Western District of Texas.

*District of Massachusetts*

*KNOX, ET AL. v. WHOLE FOODS MARKET, INC.,* C.A. No. 1:14–13185

*Southern District of New York*

*GRODNICK, ET AL. v. WHOLE FOODS MARKET INC.,* C.A. No. 1:14–07035